IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

TRICIA LEWIS, *et al.*,

            Plaintiffs,

-vs-

MYRON D. WHEATLEY, *et al.*,

            Defendants.

: CASE NO. 1:11 CV 00644
:
:
: MEMORANDUM OF OPINION AND
: ORDER ADOPTING MAGISTRATE
: JUDGE'S REPORT AND
: RECOMMENDATION IN PART

---

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 8 June 2011, this matter was referred, pursuant to Local Rule 72.1, to Magistrate Judge Greg White for supervision of all pretrial matters including recommendations on any dispositive motions. (Doc. 14). Before Magistrate Judge White was the defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 6). On 5 January 2012, Magistrate Judge White submitted his Report and Recommendation ("R&R") granting the defendants' motion to dismiss. (Doc. 20). Specifically, Magistrate Judge White recommended that the plaintiffs' federal claims be dismissed with prejudice, plaintiffs' state law claims be dismissed without prejudice, and plaintiffs' alternative request to amend their complaint be denied as futile. (Doc. 20).

On 20 January 2012, the plaintiffs timely filed objections to the R&R. (Doc. 22). On 26 January 2012, the defendants replied. (Doc. 23). This Court will adopt the substantive legal conclusions rendered by Magistrate Judge White. However, this

Court will remand the plaintiffs' state law claims to the Ashtabula County Court of Common Pleas rather than dismissing them without prejudice.

## Analysis

### I. Federal Claims

The R&R concluded that both federal claims within the plaintiffs' complaint failed to state claims upon which relief can be granted, and therefore, must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court agrees with the Magistrate Judge's conclusions.

The plaintiffs' Section 1983 claim fails because 24 C.F.R. § 982, *et seq.*, promulgated in connection with 42 U.S.C. § 1437, does not create a right for these plaintiffs. The Sixth Circuit, in Johnson v. City of Detroit, 446 F.3d 614, 627 (6th Cir. 2006), found that "[a]lthough residents of public housing undoubtedly 'benefit' from the statutory provisions at issue, the language of § 1437(f) has an aggregate focus on the entity being regulated, thereby belying any intent to create rights enforceable by individual tenants ... and, thus, does not give rise to an individual entitlement enforceable under § 1983." Magistrate Judge White's conclusions are further reinforced by the United States Supreme Court's pronouncement that "if Congress wishes to create new rights enforceable under § 1983, it must do so in clear and unambiguous terms." Gonzaga Univ. v. Doe, 536 U.S. 273, 290 (2002).

The plaintiffs' due process claim under the Fifth and Fourteenth Amendments fails because there was no state created danger in the present case.

2

In <u>Deshaney v. Winnebago County Department of Social Services</u>, 489 U.S. 189 (1989), the United States Supreme Court held that the due process clause does not "require [] the state to protect the life, liberty, and property of its citizens against invasion by private actors." <u>Id</u>. at 195. However, "[w]hile the state generally does not shoulder an affirmative duty to protect its citizens from private acts of violence, it may not cause or greatly increase the risk of harm to its citizens without due process of law through its own affirmative acts." <u>Kallstrom v. City of Columbus</u>, 136 F.3d 1055, 1066 (6th Cir. 1998).

In the present case, the plaintiffs allege that the defendants either failed to inspect or failed to adequately inspect the property. This allegation, however, amounts to an allegation of inaction. In other words, the defendants in this case did not "cause or greatly increase the risk of harm . . . through its own affirmative acts." <u>Id</u>. at 1055. Indeed, as Magistrate Judge White noted, "there are no allegations in the Complaint that could support a finding that AMHA created the conditions found on the private property in question." (Doc. 20).

## II. Plaintiffs' Alternative Request to Amend

The Magistrate Judge noted that the plaintiffs did not cite to additional alleged facts or offer any explanation for how they could reasonably amend their complaint to cure its deficiencies without completely altering the substance of their allegations. (Doc. 22). This Court agrees, and therefore, the plaintiffs' request to amend is denied as futile. <u>See, e.g.</u>,<u>Frank v. Dana Corp</u>., 2009 U.S. Dist. LEXIS 77030 at *43 (N.D. Ohio Aug. 25, 2009) (where the amendment would be futile, there is no reason to allow

3

it). "[I]t is well settled law that [a] district court may deny a motion to amend if the court concludes that the pleading as amended could not withstand a motion to dismiss." Martin v. Assoc. Truck Lines, Inc., 801 F.2d 246, 248 (6th Cir. 1986).

### III. Remaining State Law Claims

The R&R determined that the plaintiffs' remaining state law claims should be dismissed without prejudice. This Court disagrees and will remand the plaintiffs' state law claims to the Ashtabula County Court of Common Pleas. The plaintiffs originally filed their complaint in Common Pleas Court, and the defendants then removed the instant action to this Court.

### IV. Plaintiffs' Objections

The plaintiffs objected to Magistrate Judge White's R&R. However, their objections amount to mere recitations of plaintiffs' arguments in their initiating brief. Such "general objections" do not serve the purposes of the Federal Rule of Civil Procedure 72(b), which requires the Court to conduct a de novo review only of the portions of the Magistrate Judge's R&R to which a party objects. See Cvijetinovic v. Eberlin, 617 F.Supp.2d 620, 631 (N.D. Ohio 2008) (citing Jones v. Moore, No. 3:04-cv-7584, 2006 WL 903199, at *7 (N.D. Ohio Apr. 7 2006) (Manos, J.)); Aldrich v. Bock, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context.") Therefore, this Court will not address the plaintiffs' objections to the R&R.

4

## CONCLUSION

For the foregoing reasons, Magistrate Judge White's Report and Recommendation (Doc. 20) is adopted in part and denied in part. The plaintiffs' federal claims are dismissed with prejudice, plaintiffs' alternative request to amend their complaint is denied as futile, and plaintiffs' state law claims are remanded to the Ashtabula County Court of Common Pleas.

IT IS SO ORDERED.

/s/ _____
UNITED STATES DISTRICT JUDGE